LOUIS YAEGER ET AL. *v.* OREST T. DUBNO,
TAX COMMISSIONER

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued May 14—decision released August 24, 1982

*Melinda A. Agsten,* with whom, on the brief, was *Charles C. Kingsley,* for the appellants (plaintiffs).

*Ralph G. Murphy,* assistant attorney general, with whom were *Robert L. Klein,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellee (defendant).

ARMENTANO, J. The principal issue in this appeal is whether dividend income "taxable for federal income tax purposes" includes a federal business expense deduction against gross income that is not expressly provided for under the Connecticut capital gains and dividends tax, when the dividend income is realized in the course of the taxpayer's trade or business.

The parties stipulated to the factual development of this case. During 1972 the plaintiff Louis Yaeger[1] (hereinafter Yaeger) was a sole proprietor

---

[1] We note that Louis Yaeger died on May 11, 1981. His will was admitted to probate in the state of New York on May 19, 1982. Two days before argument before this court, Betty H. Yaeger and the co-executors of Yaeger's will filed a motion for change in party in this appeal, seeking the substitution of the co-executors for Yaeger as a party. Because at oral argument the defendant consented to

engaged in the trade or business of managing, buying and selling securities for his own account. In the course of his business, Yaeger borrowed money from banks and brokers to purchase securities and in return pledged the securities to the lenders as collateral for the loans. As collateral for the interest that would become due on the loans, Yaeger pledged to the lenders all dividends declared on the securities purchased.

Yaeger and his wife, the plaintiff Betty H. Yaeger, filed a joint Connecticut capital gains and dividends tax return for 1972,[2] declaring dividends totaling $3,052,066. During that year the plaintiffs paid to banks and brokers $3,101,859 in interest to finance the acquisition of the securities on which dividends had been declared. For purposes of their federal income tax return for that year, the plaintiffs declared the total amount of dividend income; Internal Revenue Code §§ 61 (a) (7) (1982); but offset that by a $3,101,859 deduction against income for the interest paid, as business expenses rendered in the course of trade or business, resulting in a net business operating loss of $134,117. See Internal Revenue Code §§ 62 (1), 162 (a) (1982). The joint federal return indicated no dividend income on line 12 of the Internal Revenue Service Form

the substitution, we need not consider whether we are required to recognize the appointment of an executor outside this state in order for the deceased's action to survive his death. See General Statutes §§ 45-191, 52-599, 52-600; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 654, 103 A. 940 (1918). Accordingly, we grant the motion for change in party, but for the sake of clarity have preserved the original identity of the parties in the text of the opinion.

[2] The business operated on a calendar tax year.

1040 because the dividends were reported as business income on a separate schedule C for profits or losses from the sole proprietorship.[3]

General Statutes § 12-506 (a),[4] as amended to 1972, imposes a 6 percent tax on "dividends taxable for federal income tax purposes, without regard to the dividend exclusion," as defined by General Statutes § 12-505. Interpreting that language to mean dividends actually taxed as income for federal purposes, taking into account federal deductions, the plaintiffs claimed on their return that the 1972 dividends were also not taxable for Connecticut capital gains and dividends tax purposes.

In 1975, the defendant assessed a deficiency against the plaintiffs of $182,749.98 tax on the dividends, in addition to $49,342.49 in interest and $18,275 in penalties. The plaintiffs requested, but were denied, a hearing concerning the deficiency. The plaintiffs' appeal to the trial court from that denial pursuant to General Statutes § 12-522 was dismissed. In their appeal from the trial court judgment the plaintiffs claim that the court erred

---

[3] The plaintiffs filed an amended 1972 joint federal income tax return in 1975, denominating Yaeger's occupation as "securities trader." All business income and expenses, including dividends and interest, were reported on schedule C, "Profit or (Loss) from Business or Profession Sole Proprietorship." Because income from dividends was earned from his business, it was not reported as ordinary dividend income on the plaintiffs' Internal Revenue Service Form 1040.

[4] General Statutes § 12-506 (a), as amended to 1972, provides: "(a) A tax is hereby imposed at the rate of six per cent on all dividends and gains from the sale or exchange of capital assets occurring after December 31, 1970, which have been earned, received in fact or constructively, accrued or credited to the taxpayer during his taxable year subject to the exemptions allowed in subsection (c) of this section."

in ruling that the incorporation of the federal definition of taxable dividends does not permit the deduction of business expense from business dividend income taxable for Connecticut purposes. They do not dispute the characterization of the income as dividends. See Internal Revenue Code § 316.

As a matter of taxpayer convenience and state economy, our state legislature expressly has adopted the federal basis for computing dividend income. General Statutes § 12-505. See *Woodruff v. Tax Commissioner,* 185 Conn. 186, 191, 440 A.2d 859 (1981); cf. *Peterson* v. *Sullivan,* 163 Conn. 520, 525, 313 A.2d 49 (1972); *Kellems* v. *Brown,* 163 Conn. 478, 506, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973); *Singer Mfg. Co.* v. *Gilpatric,* 98 Conn. 192, 196, 118 A. 919 (1922). Because, however, the Internal Revenue Code (hereinafter the Code) does not define "dividends taxable for federal income tax purposes," we must construe the intended meaning of that statutory language. *Kellems* v. *Brown,* supra, 511. The plaintiffs claim that "taxable" means actually taxed, taking into account deductions offsetting gross income, while the defendant claims that it means potentially taxed, without regard to deductions.

The latent ambiguity in General Statutes § 12-505 arises when dividends are realized by a taxpayer in the course of his trade or business because under those circumstances dividend income is reported as business income on Form 1040, after the deduction of business expenses on Internal Revenue Service Schedule C. Ordinarily, dividends would

be reported directly on Form 1040 as gross income, and adjusted accordingly.[5] E.g., Internal Revenue Code § 212 (1982).

The business expense deductions directly offset dividend income in this case because the dividends were realized in the operation of the sole proprietorship. Interest expenses incurred during the course of business are deducted from gross income realized in the trade or business. Internal Revenue Code §§ 62 (1), 162 (a) (1982). Interest is not deducted directly and specifically from dividend income, resulting in a decrease of dividend income actually taxed under the Code, unlike a deduction for a capital loss which is taken against capital gains and results in decreasing net capital gain. See *Kellems* v. *Brown,* supra, 515. "The provisions of the federal Internal Revenue Code which are incorporated into computation of the state tax on dividends and capital gains are generally only those which relate

---

[5] The plaintiffs claim that because the instructions for completing the 1972 Connecticut capital gains and dividends tax return instruct the taxpayer to report "the dividends shown before exclusion shown on your federal income tax return," and taxpayers who report dividends as business income on Schedule C do not report dividends on line 12 of Form 1040, the plaintiffs had no dividends taxable for federal income tax purposes pursuant to the defendant's own instructions. Although we agree with the plaintiffs that the interpretation of statutes by agencies responsible for their administration is an aid to statutory construction; *Griggs* v. *Duke Power Co.,* 401 U.S. 424, 433–34, 91 S. Ct. 849, 28 L. Ed. 2d 158 (1971); *Connecticut Light & Power Co.* v. *Public Utilities Control Authority,* 176 Conn. 191, 198, 405 A.2d 638 (1978); *Roy* v. *Centennial Ins. Co.,* 171 Conn. 463, 473, 370 A.2d 1011 (1976); we do not agree that the defendant's instructions indicate any administrative policy other than to subject the full amount of dividend income to the Connecticut dividends tax, without regard to the federal dividend exclusion as provided under General Statutes § 12-505. In any event, an aid to statutory construction does not conclusively determine legislative intent.

to those two specific subjects of tax." *Kellems* v. *Brown,* supra, 518–19. Moreover, General Statutes § 12-505 does not refer to "net" dividends as it does to net capital gains. We conclude that the more reasonable construction of General Statutes § 12-505 is that the phrase "dividends taxable for federal income tax purposes" means gross dividends as defined under that Code, without regard to federal adjustments which apply generally to gross income to taxpayers qualifying for them, such as the plaintiffs.[6] See Berall, "Connecticut's Investment Income Tax," 46 Conn. B.J. 185, 215–16 (1972).

Deductions and exemptions from otherwise taxable income are a matter of legislative grace and are thus strictly construed. E.g., *Commissioner* v. *Sullivan,* 356 U.S. 27, 28, 78 S. Ct. 512, 2 L. Ed. 2d 559 (1958); *Woodstock* v. *The Retreat, Inc.,* 125 Conn. 52, 56, 3 A.2d 232 (1938). In taxing dividend income,[7] the general assembly has not granted, directly or by incorporation of the entire federal income tax scheme, a business expense deduction when dividends are realized by a sole proprietor, or an interest deduction when dividends are realized by an investor. We recognize that in circumstances such as these a dividends tax is imposed upon a taxpayer who suffered a net loss in the operation of his

---

[6] Because the statute is not equally open to different interpretations, this court need not resort to the well established rule that clear ambiguities in taxing statutes must be resolved in favor of the taxpayer. *Caulfield* v. *Noble,* 178 Conn. 81, 84, 420 A.2d 1160 (1979); *National Amusements, Inc.* v. *Brown,* 171 Conn. 172, 176, 368 A.2d 1 (1976); *Hartford Electric Light Co.* v. *Wethersfield,* 165 Conn. 211, 219, 332 A.2d 83 (1973).

[7] This court upheld the constitutionality of taxing dividend income, and not other types of investment income. *Kellems* v. *Brown,* 163 Conn. 478, 491, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973).

business. Nevertheless, the fairness of the dividends tax is within the prerogative of the legislature, and not of this court.

There is no error.

In this opinion the other judges concurred.