[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action seeks monetary damages arising out of the issuance and cancellation of a policy of life insurance on the grounds that the Connecticut General Life Insurance Company ("the corporate defendant") failed to provide proper notice of the right to cancel the policy as required by statute.
The plaintiffs, Marcy Sellew ("Mr. Sellew") and Virginia K. Sellew ("Mrs. Sellew") applied to the corporate defendant for a policy of life insurance upon the life of Mrs. Sellew. The first year premiums were paid and, on November 2, 1988, the policy was delivered to Mrs. Sellew who executed a delivery receipt which made reference to a period of time within which to examine the policy and stated "that no one is authorized to extend this `right to examine' period."
On Saturday, November 12, 1988, Mrs. Sellew telephoned the defendant, Ronald L. Larcheveque, ("Mr. Larcheveque"), the agent of the corporate defendant and discussed the possibility of obtaining an extension of the ten day period within which to void the policy. Mr. Sellew was told that Mr. Larcheveque would discuss an extension with the legal department on Monday. On Monday or Tuesday (November 14th or 15th, 1998) Mr. Larcheveque told Mr. Sellew that the ten day examination period could not be extended. At no time during these conversations did Mr. Sellew indicate that he wanted to cancel the policy of insurance nor did he inquire as to how or where he could return the policy. In December of 1988, the policy was returned but the corporate defendant has not refunded the premium.
The only notice of the right to cancel the policy was contained on the face page of the policy in the following language: CT Page 10080
 "Right to examine policy. The policy may be returned to the insurance agent through whom it was purchased or to the company within ten days after its receipt (20 days after its receipt when required by law for policies issued in replacement of other insurance). If the policy is so returned, it will be deemed void from the date of issue, and the company will refund the premium paid."
The plaintiff has moved for summary judgment on the grounds the above quoted provisions contained in the policy of insurance do not comply with the provisions of General Statutes Sec. 38-157a (now Sec. 38a-436) which provided:
 Notice of voidability of individual insurance contracts. Procedure. Time limit. Every individual life insurance policy delivered or issued for delivery to any person in this state shall have printed thereon or attached thereto a notice stating, in substance, that the policy may be returned by the applicant for cancellation by delivering or mailing such policy to the insurer or to the insurance agent through whom it was effected, at any time within ten days after receipt of the policy by the applicant, and upon the delivery or mailing such policy shall be void ab initio (emphasis supplied).
General Statutes Sec. 38-135a (now Sec. 38a-430) provides that no life insurance policy, nor any rider or endorsement used in connection therewith, shall be delivered or issued for delivery to any person in this state "until a copy of the form thereof shall have been filed with and approved by the commissioner." The affidavit filed on behalf of the corporate defendant establishes that the above quoted language contained in the policy of insurance was contained on form number LN 505 of the corporate defendant which was submitted for approval to the Insurance Commissioner for the State of Connecticut on February 13, 1987 and approved by the Commissioner on March 16, 1987.
The interpretation of statutes is ultimately a question of law for the court and, while not conclusive as to legislature intent, the interpretation of a statute by the agency responsible for its administration is a guide to statutory construction and is accorded great deference. Griffin Hospital v. Comm. on Hospitals Health Care, 200 Conn. 489, 496 (1986); Yaeger v. Dubno, 188 Conn. 206,211 n. 5 (1982). However, an agency cannot exceed its legislative authority nor can it undertake action in conflict with a legislative mandate. Citrano v. Berkshire Mutual Ins. Co.,171 Conn. 248, 255 (1976); Berlinski v. Ovellette, 164 Conn. 482, 492
n. 5 (1973). CT Page 10081
General Statutes Sec. 38-157a which provided for notice of voidability life insurance contracts, contains the phrase "in substance." There is a presumption that there is a legislative purpose behind the use of that phrase and it cannot be treated as insignificant or unnecessary. Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 407 (1987). When the legislature made provisions for the inclusion in the policy of provisions regarding notice of voidability (originally enacted as 1975 Public Act Section 546), it is presumed to have acted with knowledge that the form of the notice was required to be approved by the insurance commissioner pursuant to the provisions of 1967 Public Act 528 (now Sec. 38a-430). Zachs v. Groppo, 207 Conn. 688, 696, (1988).
The plaintiff claims that the language contained in the policy of insurance, which provides that policy may be "returned" does not contain the language set forth in the statute that the policy may be returned "by delivering or mailing" such policy. The title to General Statutes Sec. 38a-436 is set forth as "Notice of voidability of individual insurance contracts. Procedure. Time limit." The word "Procedure" may lend support for the position taken by the plaintiff. However, when originally enacted by the legislature, 1975 Public Act 546 was entitled "an Act Concerning The Voidability Period For Life Insurance Contracts." While the titles of legislation are valuable aids to interpretation, it is the title of the act when acted upon by the legislature which provides the guide for interpretation, not appellations provided by the legislative commissioner. Sullivan v. Town Council, 143 Conn. 280,288 (1956).
The legislature has the power to mandate the use of specific language with respect to the form of a notice. Sec. e.g., General Statutes Sec. 20-325b. However, the use of the phrase "in substance" establishes that the legislature did not intend to use that authority.
The use of the phrase "in substance" by the legislature must be given some effect. The Phrase is elastic in nature and its significance is relative to the purpose and effect of the legislation and should be construed according to the facts of the particular case. See, Harris v. Egan, 135 Conn. 102, 107 (1948). In the present case, where the legislature was presumed to have been aware of the need for approval of the language of the notice by the insurance commissioner, the court concludes that the language contained in the policy of insurance is in substantial compliance with the requirements of the statute. See, H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549, 556
(1981).
The affidavits with respect to the telephone conferences CT Page 10082 between Mr. Sellew and Mr. Laracheveque are insufficient to determine, as a matter of law, whether any rights or liabilities may be founded on those conversations.
Accordingly, the motion for summary judgment is denied.
RUSH, J.