[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
On September 7, 1995, this court issued a memorandum of decision in favor of the plaintiff regarding its real estate tax appeal on property known as 530 Silas Deane Highway in the town of Wethersfield. As part of the court's decision, the court did not award costs to either party. The plaintiff seeks to have this court reconsider its decision, or, in the alternative, articulate its reasons for not awarding costs to the plaintiff.
Practice Book § 427 provides: "[i]n proceedings before a judge no costs shall be taxed in favor of either party unless otherwise provided by statute." The plaintiff's municipal tax appeal was brought pursuant to General Statutes § 12-117a[1]. The plaintiff argues that the language of § 12-117a mandates that the court award costs if the court reduces the assessment of the plaintiff's property. The plaintiff further argues that § 52-560(f)[2] mandates the award of costs for the services of an expert real estate appraiser.
The costs in this case center around the fees claimed by the plaintiff for its appraiser. The plaintiff's appraiser testified that his fee for doing the appraisal report was $3,500 and that his fee for court preparation and testimony was an additional $3,000. The $3,000 fee for testifying in court is based upon a charge of $150 an hour plus $75 an hour for travel time. The defendant's appraiser testified that his fee for preparing the appraisal report was $3,300. He further testified that his fee for testifying was $375 per half day and his hourly rate was $85 per hour.
In this tax appeal, both the plaintiff and the defendant incurred substantial costs in engaging the services of expert real estate appraisers. Each appraiser submitted a detailed appraisal report containing substantial "boilerplate" material. As noted in the memorandum of decision, the court found difficulty accepting the opinions of either of the appraisers. The final opinion of the CT Page 919 plaintiff's appraiser of the fair market value of the subject property was $1,200,000. The final opinion of the defendant's appraiser of the fair market value of the subject property was $2,700,000. The assessor's value was $2,914,428.57. The board of tax review reduced the assessor's valuation to $2,688,429. The court's valuation of the subject property was $2,313,535. In arriving at the its valuation, the court did not rely on the opinions of one appraiser over the other. Each appraiser was an advocate for their respective clients. In arriving at a fair market value of the property, it was necessary for the court to use portions of each appraisal but not the reasoning behind either.
Section 12-117a provides in part that "the court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable." To consider the word "shall" in § 12-117a to be mandatory with respect to the award of costs whenever the assessment is reduced would be contrary to the language in that same section granting the court broad power to award equitable relief in tax appeals. We find the word "shall" in § 12-117a to be directory according to the criteria set out in Katz v. Commissioner of Revenue Services,234 Conn. 614, 617, ___ A.2d ___ (1995).
We also see nothing in § 52-260(f) that mandates that the court award appraisal fees to the prevailing party. We also consider the word "shall" in § 52-260(f) to be directory pursuant to the Katz test. Id. If we did view § 52-260(f) as mandatory, we would have considered an award to each party of an equal appraiser's fee. This would have accomplished nothing. Our sense is that, in light of the court's memorandum of decision, the plaintiff and the town should each be responsible for their own appraiser's fees.
Arnold W. Aronson, J. Judge of the Superior Court