[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO DISMISS APPORTIONMENT COMPLAINT AS UNTIMELY FILED
On April 24. 1998, plaintiff Joseph Burke filed a three count complaint against defendants Gibson Associates, Inc., John Capone, and John F. Capone in which he alleges that he fell while walking away from a dumpster located at or adjacent to Cheshire Hillside Village, a senior citizen community where he resides. Each count alleges negligence against each of the defendants, respectively for the condition of the surface which allegedly caused the plaintiff's fall. The complaint has a return date of May 5, 1998.
On September 17, 1998, the defendants filed an apportionment complaint against D.P.L. Refuse Service. The officer's return attests that he served the complaint on September 4, 1998. The apportionment plaintiffs allege that they were parties to a service contract agreement with DPL, the apportionment defendant, and that DPL was obligated under the agreement to control and maintain the area where the plaintiff's alleged injury occurred. The apportionment plaintiffs claim that if they are held liable CT Page 6056 to the plaintiff, then DPL's negligence and carelessness caused the plaintiff's injuries and damages.
The apportionment defendant has filed a motion to dismiss the apportionment complaint on the ground of lack of subject matter jurisdiction. A motion to dismiss is used to assert a lack of subject matter jurisdiction. Sadloski v. Manchester,235 Conn. 637, 645-46, n. 13 (1995). The apportionment defendant asserts that the apportionment complaint was not filed within the time required by Connecticut General Statutes Sec. 52-102b, and therefore is subject to dismissal. The apportionment plaintiffs object to DPL's motion to dismiss and have filed an opposing memorandum of law, to which the apportionment defendant has filed a reply.
General Statutes § 52-102b (a) provides, in pertinent part that "[a] defendant in any civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. Any such writ, summons and complaint, hereinafter called the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. . . ."
The apportionment defendant argues that the apportionment plaintiffs have failed to comply with the 120 day limit set forth in General Statutes § 52-102b, and therefore the court lacks subject matter jurisdiction over the matter. In opposition, the apportionment plaintiffs maintain that § 52-102b is not jurisdictional because it does not create a cause of action, and therefore it is not a basis for challenging the court's subject matter jurisdiction. The apportionment plaintiffs also assert that the time limitation under § 52-102b is directory and not mandatory, and that therefore an apportionment complaint may be validly brought beyond the 120 day limit. The apportionment defendant counters that the superior court routinely dismisses apportionment complaints which are served beyond the 120 day limitation. Also, the apportionment defendant maintains that the § 52-102b time limitation is jurisdictional and should be strictly construed.
"As with any issue of statutory interpretation, our initial guide is the language of the statute itself. . . . The CT Page 6057 legislature is the branch of government empowered to bestow subject matter jurisdiction upon the courts. . . . If its language in drafting and enacting a statute is clear and unambiguous, there is no room for alteration of the legislative decision by the judicial branch through Practice Book provision or otherwise. . . . A statute which provides that a thing shall be done in a certain way carries with it an implied prohibition against doing that thing in any other way. . . ." (Citations omitted; internal quotation marks omitted.) HUD/Barbour — Waverlyv. Wilson, 235 Conn. 650, 656-57, 668 A.2d 1309 (1995).
General Statutes § 52-102b provides guidelines for adding a person for apportionment purposes and sets a 120 day limitation within which a defendant may serve the apportionment complaint. Specifically, subsection (a) of § 52-102b expressly states that, "the apportionment complaint, shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint" and under subsection (f) that, "[t]his section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." In the present case, the return date on the original complaint is May 5, 1998. Therefore, the apportionment plaintiffs should have served the apportionment complaint no later than September 2, 1998 in order to comply with the statutory time limitation. The date of service of the apportionment complaint, however, is September 4, 1998, 122 days from the original return date.
In opposition to the motion to dismiss, the apportionment plaintiffs argue that the 120 day limitation of § 52-102b is not mandatory and maintain that their failure to timely serve the apportionment complaint does not deprive the court of subject matter jurisdiction. The apportionment plaintiffs cite toKetchale v. Unger, Superior Court, judicial district of New Haven, Docket No. 396218 (July 15, 1998,Levin, J.) in order to support their contention. In Ketchale, the court used the test set forth in Katz v. Commissioner of Revenue Services,234 Conn. 614, 662 A.2d 762 (1995), and held that the 120 day time limitation was neither mandatory nor jurisdictional.
"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of CT Page 6058 convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply. . . . A reliable guide in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision. . . ." (Citations omitted; internal quotation marks omitted.) Katz v. Commissioner of Revenue Services, supra,234 Conn. 614, 617.
General Statutes § 52-102b allows a defendant in a negligence action to bring in a nonparty for apportionment, if the defendant fails to add the nonparty, then the defendant may bear the responsibility for a greater proportion of liability for the plaintiff's injury. Therefore, the defendant's ability to add a person for apportionment could have a substantial affect on the defendant's liability. The statute not only affects the defendant's liability, it also provides the plaintiff an opportunity to bring additional claims against the apportionment defendant related to the same occurrence that brought about the original complaint, and could include additional causes of action not available against the defendant. See General Statutes §52-102b(d). Essentially § 52-102b addresses the substantive allocation of liability among the defendants by allowing the addition of tortfeasors not named in the original complaint. Therefore, the statute delivers substantive[1] rights to the defendant and does more than give order and dispatch to the proceedings.
Also, General Statutes § 52-102b provides the "exclusive means" for the defendant to add a person for apportionment purposes, thus without this provision if the plaintiff failed to name all potentially liable parties as defendants then a defendant could be held disproportionately liable to the plaintiff. Such a result would be counter to the legislative purpose of General Statutes § 52-572h, "[t]he legislature included in Tort Reform II a provision that allowed defendants to implead persons who might have been negligent, but who had not been pursued by the plaintiff. . . . [The] legislative history and the history of the development of § 52-572h . . . demonstrates CT Page 6059 that the legislature, in enacting Tort Reform II, intended to limit the universe of negligence to be considered to only particular, identifiable persons." Dormer v. Kearse,234 Conn. 660. 669, 662 A.2d 1269 (1995). Furthermore, the legislative history associated with § 52-102b suggests that the legislature was seeking a timely filing of the apportionment complaint. Representative Lawlor, during house proceedings just prior to the bill's approval, stated in part that, "[t]he original intent of the bill was to provide a defendant with the opportunity to bring in other prospective defendants in a timely fashion." (Emphasis added.) 38 H.R. Proc., Pt. 9, 1995 Sess., p. 3273.
Furthermore, it should be noted that the judges of the superior court have routinely disallowed untimely apportionment complaints. See Bodell v. Schmidt, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351664 (February 10, 1999, Skolnick, J.) (5 Conn. Ops. 263) (court strikes apportionment complaint served 121 days after the return date of the original complaint.); McDuff v. Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (January 6, 1998, Martin, J.) (court dismisses apportionment complaint served 15 days after 120 day limit.); Winiarski v.Hall, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 566277 (December 19, 1997, Wagner, J.) (court grants motion to strike apportionment complaint which was filed seven days after statutory period); Witkin v. Schettino,
Superior Court, judicial district of Stamford, Docket No. 149015 (April 1, 1997, D'Andrea, J.) (apportionment plaintiff failed to comply with the time limitation of § 52-102b, therefore apportionment complaint subject to dismissal.); St. Paul Fire Marine Ins. v. Genesee Mgmt., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996, Leheny, J.) (court denied motion to implead pursuant to § 52-102b which was filed beyond the 120 day limit). In Stroud v. Pfeffer, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324804 (April 1, 1996, Ballen, J.), the court cited to the following proposition,"`Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived.' Ambroisev. William Raveis Real Estate. Inc., 226 Conn. 757, 766-67,628 A.2d 1303 (1993)." The court noted that the right of a defendant CT Page 6060 to reduce her proportion of the limitation of § 52-10b was jurisdictional and dismissed the apportionment complaint as untimely.
In light of the clear, plain, and unambiguous language of §52-102b, the legislative history associated with both §§ 52-102b
and 52-572h, the standard set forth in HUD/Barbour-Waverly v.Wilson, supra, the test articulated in Katz v. Commissioner ofRevenue Sevices, supra, and the numerous superior court opinions dismissing untimely apportionment complaints, this court finds that the defendants' non-compliance with the time limitations of § 52-102b deprives the court of jurisdiction.
Accordingly, the Motion to Dismiss is granted.
Clarence J. Jones, Judge