[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS DATED OCTOBER 6, 1999 (#141)
The apportionment defendant, Myra Waynik, M.D. (hereinafter Waynik) has moved to dismiss an Apportionment Complaint Against Myra Waynik, M.D. dated September 22, 1999 and "served" pursuant to Connecticut Practice Book § 10-12.[1]
The Plaintiff's initial complaint is dated 12-11-96 and returnable January 7, 1997 and cites Grant Street Health and Rehabilitation Center; formerly The Health Care Center at Bridgeport and Myra Waynik as defendants.
Connecticut General Statutes § 52-102 b(a) requires that an apportionment complaint shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint. Here the apportionment complaint was "served" more than 2 years after the return date i.e. January 7, 1997. This court subscribes to the majority rule as expressed in Burke v.Gibson Associates, Inc, 1999 Conn. Sup. 6055, 24 CLR 509. The CT Page 2917 Motion to Dismiss filed by the purported apportionment defendant, Myra Waynik, M.D. is granted.
Although this ruling may seem harsh, this court respectfully submits that the defendant Grant Street Health and Rehabilitation Center (hereinafter Grant Street) assumed a risk within the first 120 days of the plaintiff's original return date by not filing a cross-complaint against Waynik, M.D. thus implicating the allocation of negligence (if any) as between Grant Street and Waynik. Had Grant Street elected this procedure it would have avoided the possibility that Waynik would become a withdrawn party.
The court further suggests that Grant Street has not complied with Connecticut General Statutes 52-102 (b)(b) in that the pleading titled "Apportionment Complaint against Myra Waynik, M.D." is not a writ summons and complaint nor was it served. Thus this court lacks jurisdiction over "Myra Waynik".
For the foregoing reasons the Motion to Dismiss is granted.
JOHN W. MORAN, JUDGE