[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Barbara Cappiello ("Cappiello") filed a complaint against Carol Greiner ("Greiner") alleging that Greiner negligently struck the plaintiff with an automobile as she was walking in a private parking lot on the evening of December 4, 1997. On February 10, 2000, the plaintiff filed an amended complaint alleging negligence against apportionment defendants, Peter and Beverly Discala and B.P. Crafts, Inc. (collectively hereinafter the "Discalas").[1] The amended complaint alleges that the Discalas, the owners and possessors of the lot, failed to provide sufficient lighting in the lot at the time of the accident. On April 10, 2000, pursuant to § 52-102b of the General Statutes,[2] Greiner filed an apportionment complaint against the Discalas alleging that they failed to provide adequate lighting. Greiner also filed a cross claim against the Discalas seeking indemnification in the action against her.
The Discalas filed a motion to strike the cross claim on the grounds that no reasonable jury could conclude that (1) the Discalas were in exclusive control of the accident situation and (2) Greiner's negligence was passive and secondary in nature. The Discalas also filed a motion to dismiss the apportionment complaint and moved to strike the second and third counts of Cappiello's amended complaint on the grounds that the apportionment complaint was not filed within the required 120 days of the return date of Cappiello's original complaint and that Cappiello's amended complaint was not filed within sixty days of the return date of the apportionment complaint, both in violation of § 52-102b.
A motion to dismiss is the proper vehicle, pursuant to § 10-31
(a)(1) of the Practice Book, to raise a claim that the court lacks subject matter jurisdiction. Shay v. Rossi, 253 Conn. 134, 140 n. 8 (2000). "Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." Lauer v. Zoning Commissioner, 220 Conn. 455, 460 (1991). A CT Page 15631 motion to dismiss asserts that the alleging party cannot, as a matter of law, state a cause of action that the court could hear. Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407,410-11 (1999).
The Discalas argue that the apportionment complaint was not timely filed within the 120 day period prescribed in § 52-102b(a) and therefore the court has no jurisdiction over the matter. The Discalas continue by saying that the second and third counts of the amended complaint are also invalid given the invalidity of the apportionment complaint.[3] The Discalas further argue that because Cappiello filed an amended complaint sixty days before the apportionment complaint was filed, the second and third counts of the amended complaint are in violation of § 52-102b(d). Cappiello and Greiner both assert that the 120 day requirement of § 52-102b(a) is directory and therefore dismissal of the apportionment complaint is not mandatory.[4]
A majority of our courts hold that the 120 day limitation in §52-102b(a) is mandatory rather than directory. See Keith v. Anand,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 066514 (March 21, 2000, Nadeau, J.); Ortiz v. Bridgeport Hospital,
Superior Court, judicial district of New London at New London, Docket No. 547104 (February 24, 2000, Corradino, J.); Mazzola v. Yaghma,
Superior Court, judicial district of New Haven at New Haven, Docket No. 403943 (November 15, 1999, Blue, J.); Rodriguez v. Smith, Superior Court, judicial district of Waterbury, Docket No. 144464 (July 22, 1999,Pellegrino, J.) (25 Conn.L.Rptr. 137, 138); Burke v. Gibson Associate,Inc., Superior Court, judicial district of New Haven, Docket No. 412164 (May 14, 1999, Jones, J.) (24 Conn.L.Rptr. 509, 510); McDuff v.Tamborlane, Superior Court, judicial district of New London at New London, Docket No. 540767 (June 23, 1998, Martin, J.) (22 Conn.L.Rptr. 364, 366); St. Paul Fire Marine Insurance Co. v. Genesee Management,Inc., Superior Court, judicial district of Danbury, Docket No. 322290 (June 4, 1996, Leheny, J.); but see Ketchale v. Unger, Superior Court, judicial district of New Haven at New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (22 Conn.L.Rptr. 418, 419) (held that the 120 day period is directory, therefore does not affect the court's jurisdiction over the matter).
"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of CT Page 15632 the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience . . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words . . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply." (Internal quotation marks omitted.) Katz v. Commissioner of RevenueServices, 234 Conn. 614, 617 (1995). Section 52-102b provides a substantive right to a defendant to add an additional defendant who may be partially liable for the alleged harm. Burke v. Gibson Associate,Inc., supra. The statute is also the exclusive means for a defendant to bring another defendant into the action and does more than give order and dispatch to the proceedings. "Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter . . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised . . . at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 766-67 (1993).
Section 52-102b "sets forth a statute of limitation for bringing new parties into the case. This is quite different from time periods controlling actions between persons who are already parties in the case. Statutes of limitation, by their very nature, set forth arbitrary and, in the ususal case, inflexible deadlines for subjecting persons to litigation. Such statutes are inherently mandatory rather than directory." Mazzola v. Yaghma, supra.
This court agrees with holding of the majority of courts that the 120 day limitation period set forth in § 52-102b (a) is mandatory. The apportionment complaint was filed over nine months after the return date of Cappiello's original complaint, well past the 120 day limitation proscribed in § 52-102b. Accordingly, the motion to dismiss the apportionment complaint is granted and, consequently, the motions to strike the second and third counts of the amended complaint are also granted. These counts are legally insufficient without the apportionment complaint upon which they are based.[5]
The Discalas argue that their motion to strike the cross claim should be granted because no reasonable jury could conclude that (1) the Discalas were in exclusive control of the accident situation, and (2) Greiner's negligence was passive and secondary in nature. CT Page 15633
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [cross claim] . . . to state a claim upon which relief can be granted . . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. Danbury Hospital, 252 Conn. 193,212-13 (2000).
"Ordinarily there is no right of indemnity or contribution between joint tortfeasors . . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury . . . Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence . . . . Indemnity shifts the impactof liability from passive joint tortfeasors to active ones . . . . Thus, the common-law doctrine of indemnification permits a tortfeasor to assert a claim only against another liable tortfeasor." (Citations omitted; internal quotation marks omitted.) Crotta v. Home Depot, Inc.,249 Conn. 634, 642 (1999). In a third party complaint seeking indemnification, the cross claim must allege "facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the defendant's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the defendant]; and (4) that [the defendant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Citations omitted; internal quotation marks omitted.) Skuzinski v. Bouchard Fuels,Inc., 240 Conn. 694, 698 (1997).
In the present case, Greiner alleges in her cross claim that (1) the Discalas were negligent because they failed to adequately inspect and illuminate the area of the accident, (2) Greiner's alleged negligence was passive and secondary to the Discalas' negligence, (3) the Discalas were CT Page 15634 in control of the situation to the exclusion of Greiner, and (4) Greiner did not know of the Discalas' negligence, had no reason to anticipate it and could reasonably rely on the Discalas not to be negligent.
"Exclusive control" is articulated as "exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v.Bouchard Fuels, Inc., supra, 704-706. The question of whether a party had exclusive control over the situation is generally a question of fact, the determination of which is not appropriate in a motion to strike.Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982). "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." Skuzinski v. Bouchard Fuels, Inc., supra, 705.
The Discalas claim that no reasonable jury could conclude that they were in exclusive control or that Greiner was only passively negligent. The sole judicial authority they rely upon is Simon v. My Bread BakingCo., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165440 (October 14, 1999, D'Andrea, J.), where the court held that no reasonable jury could find that a defendant had exclusive control of the situation in an automobile accident where both operators were alleged to have committed active negligence. Id. The Discalas' reliance on Simon is misplaced. In the present case, Greiner alleges that the Discalas possessed and controlled the area of the alleged accident. This is readily distinguished from Simon, where the accident occurred on a public road. This court finds that a reasonable jury could find that the Discalas alleged negligent acts or omissions in lighting and maintaining the area caused Greiner to strike the plaintiff with her vehicle. SeeMorin v. Cook, Superior Court, judicial district of Windham at Putnam, Docket No. 058495 (April 25, 2000, Potter, J.) (27 Conn.L.Rptr. 101, 103) (motion to strike denied where third party defendant alleged to have caused automobile accident by obstructing public road with debris from tree removal); Katsetos v. Viking Construction, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160359 (November 6, 1998, Hickey, J.) (motion to strike denied where third party defendant alleged to have exclusive control over architectural plans and property where plaintiff alleged water damage from the construction of the building); Zaccagnini v. Laidlaw Transit, Inc., Superior Court, judicial district of Danbury, Docket No. 323571 (September 16, 1998, Moraghan, J.) (motion denied where third party defendant alleged to have caused the plaintiff to fall in a position where the defendant then struck and ran over the foot of the plaintiff); Long v. McDonald's Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 399076 (September 11, 1998, Moran, J.) (motion denied where plaintiff alleged to CT Page 15635 have fell because the third party defendant's soda fountain leaked). The motion to strike the cross claim is denied.
To recapitulate, the motion to dismiss the apportionment complaint is granted. The motions to strike the second and third counts of Cappiello's amended complaint are granted, and the motion to strike Greiner's cross claim is denied.
Moraghan, J.