[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION, RE: MOTION #143 MOTION FOR EXTENSION OF TIME TO
CT Page 146 RESPOND OFFER OF JUDGMENT
Richard Meyers, Executor of the estate of Lawrence F. Caraglio, commenced the instant action, sounding in medical malpractice against the defendants. On December 3, 2001, the plaintiffs filed an Offer of Judgment. On December 17, 2001, the defendants filed a "Motion for Extension of Time to Respond to Offer of Judgment. Specifically, the defendants move that the Court grant them:
 . . . "[U]ntil thirty (30) days from the plaintiffs providing full discovery compliance to the defendant, disclosure of expert witnesses and completion of plaintiff's deposition."
A review of the file indicates that the plaintiffs have not filed an objection to the defendants' motion as of this date.
Section 52-192 of the Connecticut General Statutes concerns an offer of judgment made by a plaintiff in a civil action. Subsection 52-192 (a) provides in pertinent part that:
 After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written "offer of judgment" signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the "offer of judgment" and prior to the rendering of a verdict by the jury or an award by the court, the defendant or his attorney may file with the clerk of the court a written "acceptance of offer of judgment" agreeing to a stipulation for judgment as contained in plaintiff's "offer of judgment". Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the "offer of judgment" is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the "offer of judgment" shall be CT Page 147 considered rejected and not subject to acceptance unless refiled. Any such "offer of judgment" and any "acceptance of offer of judgment" shall be included by the clerk in the record of the case.[1]
The defendants in the instant action seek to extend the time period to accept the offer, however there does not appear to be any statutory enabling legislation within the provisions of the statute that provides such relief. The Court must therefore ascertain as to whether or not it may use its discretionary powers to grant it.
The statute in question provides in pertinent part that:
 If the "offer of judgment" is not accepted within thirty days and prior to the rendering of a verdict by the jury or an award by the court, the "offer of judgment" shall be considered rejected and not subject to acceptance unless refiled . . . (emphasis added)
Our appellate Courts have held that although the word "shall" is significant, it does not necessarily create a mandatory duty.
 "While we generally will not look for interpretative guidance beyond the language of the statute when the words of that statute are plain and unambiguous . . . our past decisions have indicated that the use of the word `shall,' though significant, does not invariably create a mandatory duty. Fidelity Trust Co. v. BVD Associates, 196 Conn. 270, 278, 492 A.2d 180 (1985); Tramontano v. Dilieto, 192 Conn. 426, 433-34, 472 A.2d 768
(1984). Hall Manor Owner's Assn. v. West Haven, 212 Conn. 147, 152, 561 A.2d 1373 (1989).
 State v. Trahan, 45 Conn. App. 722, 730 (1997).
However, the Court in Trahan, went on to say that:
 In order to determine whether a statute's provisions are mandatory we have traditionally looked beyond the use of the word `shall' and examined the statute's essential purpose. . . . The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a CT Page 148 matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Katz v. Commissioner of Revenue Services, 234 Conn. 614, 617, 662 A.2d 762 (1995)." (Citations omitted; internal quotation marks omitted.) Crest Pontiac Cadillac, Inc. v. Hadley, 239 Conn. 437, 445-46, 685 A.2d 670 (1996). A statutory provision of this type directs what is to be done but does not invalidate any action taken for failure to comply. See Katz v. Commissioner of Revenue Services, supra, 617. "Furthermore, if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory." Crest Pontiac Cadillac, Inc. v. Hadley, supra, 446.
 State v. Trahan, Id, at 730.
The language of § 52-192 (a) C.G.S. expressly states what happens to on offer of judgment if it is not accepted by a defendant within a thirty day period, i.e. it is rejected and not subject to acceptance unless to refiled.
The defendants assert that:
 The Court should not sanction dilatory delays by the plaintiff, who has not been deposed, has not fully complied with discovery and has not disclosed an expert witness and then further prejudice and punish the defendants by not granting an Extension of Time to respond to an Offer of Judgment.
The Court does not accept the defendants' assertion that if it denies the subject motion it will be acting in a prejudicial or punitive manner. If the Court does deny the motion, what it would be doing is following a statutory mandate.
The defendants' motion raises some interesting policy concerns as to the effect of an offer of judgment that is made by a plaintiff before the completion of discovery. However it appears to this Court that under our state constitution these types of concerns must be addressed by the legislature, not by this court. CT Page 149
 . . . [U]nder our state constitution, the task of legislating is committed to the legislature, not to this court. Conn. Const., art. II. "Clearly, this court lacks the authority to reshape public policy by construing a statute in a manner that alters its inherent meaning."
 State v. Indrisano, 228 Conn. 795, 832 (1994).
The fact that the legislature amended the subject statute as recently as the 2001 legislative session and has not addressed the issues raised by the defendants in their motion for extension of time, bolsters the position that this court should not attempt to address the issues raised by the defendants through what would arguably be an act of judicial legislating.
 "`[I]t is up to the legislatures, not courts, to decide on the wisdom and utility of legislation. . . . [C]ourts do not substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws.' Ferguson v. Skrupa, 372 U.S. 726, 729-30, 83 S.Ct. 1028, 10 L.Ed.2d 93
[1963] . . . Dupont v. Planning Zoning Commission, 156 Conn. 213, 220, 240 A.2d 899 (1968).
Castro v. Viera, 207 Conn. 420, 435 (1988).
For the foregoing reasons, the defendants' motion for extension of time to respond to the plaintiffs' offer of judgment is denied.
Richard A. Robinson, J.