STATE EX REL. WORTH PERRY *v.* WILLIAM RAACKE ET AL.

SUPERIOR COURT  FAIRFIELD COUNTY  FILE No. 91013

Memorandum filed December 1, 1953.

*Samuel J. Tedesco,* of Bridgeport, for the plaintiff.

*Wilson, Hanna & Wanderer,* of Danbury, for the defendants.

KING, J. This was an action of quo warranto, to be decided upon an agreed statement of facts. The basic claim of the plaintiff is that No. 195 of the Special Acts of 1935 (22 Spec. Laws 114), entitled "An Act Providing for Biennial Elections in the Town of New Fairfield, never became actually operative because of a failure properly to carry out the so-called referendum provisions of § 7 of that act.

As indicated by its title, the act purported to establish biennial elections in New Fairfield. But by its terms it did not become operative to regulate terms of office and elections until the town election to be held on the first Monday of October, 1937. As a special act, it became effective on its approval by

the governor on April 30, 1935. General Statutes § 8891.

Section 6 of the act provided that "[t]he provisions of the general statutes concerning minority representation for town officers shall not apply to the officers to be elected under this act except selectmen, constables and grand jurors." It is this section which appears to be the immediate cause of this controversy. Sections 2, 3 and 4 of the act provided that subsisting terms of office of the various town officers should cease on the first Monday in October, 1937, and that the terms of the officers to be biennially elected should commence on that date. Section 7 provided that "This act shall take effect upon its approval by the electors of the town of New Fairfield at the annual town election to be held on the first Monday of October, 1935."

In fact, no action under § 7 was taken until the annual town election on the first Monday of October, 1936, when the act was accepted by the electors of New Fairfield. Beginning with the town election of 1937 the provisions of the act have been followed.

The plaintiff's claim that the act was never legally accepted by the electors of New Fairfield is based solely on the ground that its purported acceptance occurred one year too late. It should be noted that there is no claim of any defect in the warning of the town election of 1936 or in the action thereat except that it was one year later than provided in § 7 of the act. Thus cases such as *Brooklyn Trust Co.* v. *Hebron,* 51 Conn. 22, 24, *Pollard* v. *Norwalk,* 108 Conn. 145, 146, and *Alderman* v. *West Haven,* 124 Conn. 391, 397, are not in point.

Section 3 of the original (1935) act was amended by No. 472 of the Special Acts of 1941 (23 Spec. Laws 1126), entitled "An Act Amending an Act Providing for Biennial Elections in the Town of New

Fairfield," which became effective June 24, 1941. This 1941 act contained no referendum provision and was a complete substitution for § 3 of the 1935 act, which provided for the composition and election of members of the town board of education.

Under these circumstances, the effect of the plaintiff's contentions, if they were to prevail, would be to leave New Fairfield with a biennial election of members of the board of education under the 1941 special act while all other officers would be elected under the general law. And since biennial elections in New Fairfield were established under the 1935 special act, this would presumably leave annual elections in force as to all officers but members of the town board of education unless and until action was taken under the General Statutes enabling towns to adopt biennial town elections. (See General Statutes §§ 497, 498, 499, 501, 502, 503 and 505).

In New Fairfield there are three assessors. In 1951, one Daniel Gerow was elected assessor for a term of four years. At the town election in 1953 each of the defendants was nominated for assessor by the Republican party and the plaintiff, only, was nominated for that office by the Democratic party. At the 1953 town election the plaintiff Perry received 187 votes, the defendant Raacke 233 votes and the defendant Kiely 256 votes. The moderator declared each defendant elected. There is no claim, and in view of the foregoing election returns could reasonably be no claim, that the moderator ruled incorrectly if the 1935 act as amended in 1941 was applicable. Indeed the plaintiff does not seem to claim that he was elected but rather that no one was elected and that there should be a new election.

The plaintiff's claim is based, as aforesaid, on the theory that the 1935 act was inoperative, thus leaving New Fairfield governed by the general law with-

out biennial elections. The plaintiff correctly claims that under the general, annual, election law minority representation on a board of three assessors is, practically speaking, required. Cum. Sup. 1953, § 522c.

The solution of the case turns largely on to what, if any, extent the provision for a referendum to be held at the annual town election in 1935 was mandatory as distinguished from directory. It should be noted that the requirement of a referendum at an annual town election is not in question, since there was such a referendum here and, as previously pointed out, it was in all respects valid except that it was one year late.

The crux of the matter is thus reduced to the question of whether the provision that the referendum be voted upon at the annual town election in 1935, as distinguished from that in 1936, is mandatory or directory. The test is well stated in *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 67, as follows: "Provisions designed to secure order, system and dispatch in proceedings are generally held directory unless accompanied by negative words." There were no negative words here nor any other language indicating any legislative emphasis on the 1935, as distinguished from the 1936, town election.

Here the act, whether accepted at the annual town election in 1935 or at that in 1936, would by its express terms produce no change in the government of New Fairfield until the annual town election of 1937. No reason appears why the General Assembly should limit the adoption to the one year or to the other. A year's notice of the operative date would appear as adequate as a two-year notice of the operative date, especially since New Fairfield was then having annual town elections. No preju-

dice accrued to anyone because of the irregularity nor was any claim of prejudice made. The requirement in the act for acceptance in 1935 was purely technical and served no discoverable or claimed useful purpose not equally served by the action of the town taken in 1936.

But necessarily the act had to be accepted, if at all, long enough before the 1937 annual town election to enable nominations to be made in the light of its terms. Clearly, this was done. It is also obvious that it was in the interests of sound government that the acceptance be at an annual town election, where presumably the largest number of electors would vote on the matter, rather than at a special town meeting which might be sparsely attended. Thus the provision that the act be accepted at an annual town election is of real import and, so, is mandatory. *Jack* v. *Torrant,* 136 Conn. 414, 418; *State* v. *Maioffes,* 118 Conn. 199, 202.

As previously pointed out the language of the act itself precludes its acceptance at any annual town election held later than that in 1936. To meet these two requirements the General Assembly had to provide for the acceptance of the act at the annual town election in 1935 or at that in 1936. It chose to name the earlier date only. But no reason appears for not also including the 1936 annual town election.

It follows that the provision that the acceptance be at the annual town election in 1935, as distinguished from that in 1936, is obviously one to secure order, system and dispatch, and deals with no important right or safeguard. It therefore is directory and not mandatory. Since this is the only provision involved, it follows that the act was legally accepted and is valid.

This makes it unnecessary to pass upon the claim of the defendants that the 1941 amendment operated

to validate, if validation were necessary, the action taken at the 1936 annual town election. See *Preveslin* v. *Derby & Ansonia Developing Co.,* 112 Conn. 129, 140.

It is true that the 1935 act in large part deprived the residents of the town of New Fairfield of minority representation, the advantages of which are too obvious to merit discussion. *Koch* v. *Theis,* 10 Conn. Sup. 258, 262. The remedy, however, rests with the General Assembly.

New Fairfield has operated under the 1935 act since the 1937 town election and obviously many matters, perhaps including bond issues, must have been acted upon in conformity with its provisions. The present decision is, and can be, binding only upon the three parties to this litigation. In order to forestall other possible suits of a similar nature which would create expense for the town and possible uncertainty of important legal relations, application should be made to the General Assembly at the first opportunity for a proper validating act.

It perhaps should be mentioned that the court has not been unmindful of the settled rule that an action of quo warranto does not properly lie where, as here, the plaintiff rests his basic claim, not on the usurpation by either defendant of a legal office, but on the illegal existence of the office itself. *State ex rel. Woodford* v. *North,* 42 Conn. 79, 90. Technically the plaintiff must lose his case in any event, since, if he were to prevail on his basic claim that the office of assessor has no legal existence (because created under the 1935 act which was void because never legally accepted) a judgment of dismissal of this action must enter. *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 400. But since counsel obviously expended time and energy in the filing of an excellent agreed statement of facts, and also in the filing of briefs which

reflected real research, the court, with some hesitation and somewhat against its better judgment, has taken the case as presented by the parties and decided it on its merits, overlooking the foregoing technicality. *Anselmo* v. *Cox,* 135 Conn. 78, 79.

Judgment may enter, with costs, that the defendants Raacke and Kiely each hold the office of assessor of the town of New Fairfield as of right and that each is entitled to exercise and enjoy all the rights, powers and privileges thereof. See Practice Book, Form No. 548.