[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 12, 1995
This is an action for personal injuries brought by the plaintiff Ann Stropparo against the defendant Woodlot Associates ("Woodlot") and its general partner Henry Resnikoff ("Resnikoff"). Woodlot has cited in third party defendant Mark Klotz Landscaping, Inc. ("Klotz"), which has filed a motion for CT Page 873 summary judgment.
The plaintiff filed a one count complaint sounding in negligence against Woodlot and Resnikoff. The plaintiff alleged that on January 9, 1990, at approximately 9:00 a.m. she parked her car in the Woodlot parking lot adjacent to the Mystic Factory Outlet where she was employed. While exiting her car, she slipped on a patch of ice and was injured. Woodlot subsequently moved for permission to cite in an additional defendant and simultaneously moved to implead that same additional defendant, which motions were granted. Woodlot served both a complaint and a proposed third-party complaint on Klotz. The two count complaint alleged active/passive negligence and claimed money damages. The two count proposed third party complaint alleged negligence and breach of contract and claimed indemnification.
Klotz filed an answer to Woodlot's complaint and filed a withdrawal of that answer. Klotz has not filed another answer to the complaint. Klotz filed an answer to the third-party complaint and subsequently filed an amended answer to the third-party complaint. Procedurally, it appears that Klotz was cited in by Woodlot as a party defendant pursuant to General Statutes § 52-102a for apportionment under General Statutes § 52-572h, and impleaded by Woodlot as a third-party defendant pursuant to General Statutes § 52-102a for indemnification.
Klotz seeks summary judgment on both counts of the third-party complaint and on the second count of the plaintiff's complaint asserting a claim for apportionment on the grounds that: (1) it did not breach the contract, (2) it did not breach a duty owed to Stropparo or Woodlot, (3) the second count of the third-party complaint is time barred, (4) and the apportionment claim is time barred.
Woodlot and Klotz entered into a written contract dated August 22, 1989, which provided that Klotz would plow the Woodlot parking lot at "the end of each storm when [snow] depth reached 2 [inches] or more." The contract provided further that "any work requested CT Page 874 and performed not covered by this contract will be billed" separately.
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law.Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242,246-47 (1990).
"Litigants have a constitutional right to have issues of fact decided by a jury . . . Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion on negligence is necessarily one of fact." (Citations omitted; internal quotations omitted.) Spencer v. GoodEarth Restaurant Corporation, 164 Conn. 194, 198
(1972).
Klotz's first two arguments in support of its motion for summary judgment on the third-party complaint may be considered together. Klotz claims that, with regard to the first count (breach of contract) and the second count (negligence), it did not breach the contract and did not breach any duty owed to either the plaintiff or to Woodlot. Woodlot counters with a claim that the contract has been modified by the parties' conduct and further claims that Klotz in fact plowed CT Page 875 and sanded the Woodlot parking area, but did so negligently, thereby breaching the contract.
"The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide . . . A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a `special relationship' between the plaintiff and the defendant . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640,646 (1994). "The existence of a duty is a question of law and `[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand.'" Petrillo v. Kalman, 215 Conn. 377, 382-83
(1990).
On January 9, 1990, Klotz had no contractual obligation to plow the parking lot because less than two inches of snow fell. Had Klotz not plowed, the inquiry would end here as Klotz would owe no duty.Harris v. Waterford Professional Condominium Complex,Inc., Superior Court, JD of New London at New London, DN 511217 (February 6, 1991) (Hurley, J.).
Klotz admits, however, to plowing and sanding Woodlot's parking area prior to 9:00 a.m. on January 9, 1990, the day of Stropparo's fall. Klotz owed a duty to both Stropparo and Woodlot once it plowed and sanded the parking area. It is a question of fact whether Klotz plowed in accordance with the contract and whether Klotz breached the contract by negligently plowing and sanding. Accordingly, summary judgment on the third-party complaint based on Klotz's first and second arguments is inappropriate.
Klotz also asserts that it is entitled to summary judgment because the statute of limitations found in General Statutes § 52-584 time bars the second count CT Page 876 of the third-party complaint. Klotz's argument in essence is that Public Acts 1993, No. 93-370 should be applied prospectively, which would prevent its application in this case. Public Act 93-370, which had an effective date of October 1, 1993, provides in pertinent part: "Notwithstanding any provision of chapter 926 [statute of limitations] of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement."
Klotz relies on the case of Protter v. Brown Thompson Co.; 25 Conn. App. 360, cert. granted in part and later withdrawn, 220 Conn. 910 (1991); to assert that the indemnification claim is time barred. In Protter the court held that the limitation period governing the indemnification claim began to run at the time of the underlying negligent act, and not on the date of potential judgment and resulting demand for payment. In response to Protter, the legislature enacted Public Act 93-370, titled An Act Concerning The Statute of Limitations In Actions For Indemnification . . . and intended to statutorily overturn Protter. Shuhl v. NewHaven Food Terminal, Inc., Superior Court, JD of New Haven at New Haven, DN CV910309459S, 11 CONN. L. RPTR. 416 (April 2, 1994) (Hartmere, J.) (discussing the legislative history of Public Act 93-370).
Klotz maintains that Public Act 93-370 is substantive in nature and must only be applied prospectively. Klotz's position is untenable. "[S]tatutes of limitation are presumed to apply retroactively." Roberts v. Caton,224 Conn. 483, 488 (1993). "The legislative history of Public Act 93-370 gives no indication that it was intended to apply prospectively only, and the act itself contains no language that limits the time period for which the limitations period will be effective. Accordingly, there exists a legal presumption that Public Act 93-370 is to be retroactively applied." Shuhl v. NewHaven Food Terminal, Inc., supra.
Klotz argues that by expanding the time in which to bring an indemnification action, Public Act 93-370 affects substantive rights, is therefore not procedural CT Page 877 and must be prospectively applied. In the alternative, Klotz argues that if Public Act 93-370 is retroactively applied, then "considerations of good sense and justice" dictate that the Act should not be applied retroactively. These arguments were considered and expressly rejected in North Street Elderly v. Kapetan,Inc., Superior Court, JD of Stamford/Norwalk at Stamford, DN CV890101815S, 11 CONN. L. RPTR. 1 (January 12, 1994) (Lewis, J.) in which the court said "the purpose of Public Act 93-370 is to prevent the statute of limitations from barring an indemnification action against a third-party defendant before such an action accrues."
Public Act 93-370 is procedural and should be retroactively applied to the present case. Summary judgment, therefore, based on the expiration of the statute of limitations is inappropriate as Woodlot's third-party complaint is timely under Public Act 93-370.
Klotz argues that because the statute of limitations bars a direct action, the statute of limitations prevents it from being cited in as a party defendant solely to apportion damages. Both parties recognize a split in authority among the superior courts as to the proper method to bring additional parties into the action for apportionment. In deciding to allow a defendant to be cited in as a party solely for apportionment, it has been stated that "[s]ound and compelling positions can be, and have been, advanced on both sides of the issue."Estate of Mercado v. Hartford Hospital, 9 CSCR 609
(1994) (Mulcahy, J.) (discussing support for both positions).
The statute of limitations, General Statutes § 52-584, is not applicable to the present case and, therefore, does not bar the apportionment claim. "`Tort Reform II' establishes a policy that each party against whom recovery is allowed shall be liable `only for his proportionate share' of the recoverable damages. Here, money damages are not sought from [K]otz], but [K]otz] is cited in merely for an assessment of the proportionate share of recoverable damages pursuant to [General Statutes] Section 52-572h. Thus, the proceeding with regard to [K]otz] is [not] an `action to recover damages' within the clear and unambiguous language of [General CT Page 878 Statutes] Section 52-584, and accordingly, is not time barred by that statutory provision." Id. (Emphasis in original.) Accordingly Klotz's motion for summary judgment is inappropriate on this ground.
Klotz also seeks summary judgment against the amended complaint. Woodlot amended the plaintiff's original complaint and served the amended complaint on the third-party defendant Klotz. Woodlot simultaneously served Woodlot with the third-party complaint. The amended complaint is an incorrect vehicle to cite in a party for apportionment or indemnification. Klotz is properly before the court under General Statutes § 52-102a, and the amended complaint as pleaded by Woodlot on behalf of the plaintiff is of no effect. Furthermore, in so far as the amended complaint seeks money damages, it is barred by the statute of limitations, General Statutes § 52-584. Consequently, summary judgment is appropriate as to count two of the amended complaint as pleaded by the defendant Woodlot on behalf of the plaintiff.
For the reasons stated above, the third-party defendant Mark Klotz Landscaping, Inc.'s motion for summary judgment as to the third-party plaintiff/defendant Woodlot Associates' third-party complaint is denied on all counts, and as to the third-party plaintiff/defendant Woodlot Associates' amended complaint (on behalf of the plaintiff Ann Stropparo) is granted.