[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'SMOTION TO INTERVENE AND JOIN AS CO-PLAINTIFF (No. 101)
A. FACTS:
The plaintiff, Frank J. Szilagyi, is the administrator of the estate of Irma Horvath, herein the deceased. The deceased was employed by the defendant, The University Club of Hartford, Inc., herein the defendant, as a waitress. On February 21, 1994, before the deceased began her work, she was abducted, raped and murdered by Julio Rodriguez, a maintenance man also employed by the defendant. On March 11, 1994, the plaintiff made a claim for workers' compensation benefits which was denied — pending investigation. The workers' compensation commission initially denied the claim on the grounds that the deceased/claimant's injuries and subsequent death did not arise out of the course of her employment, but the notice stated investigation pending. Plaintiff alleges that to date no workers' compensation benefits have ever been paid.[1] On November 6, 1995 the plaintiff filed this cause of action against the defendant for the wrongful death of the deceased. On November 17, 1995, the defendant filed the operative motion to intervene as co-plaintiff. Both parties briefed the motion to intervene.
B. DISCUSSION:
The defendant is seeking to intervene as a co-plaintiff pursuant to § 31-293. Section 31-293 (a) states, in relevant part:
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury . . . and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. (Emphasis added.).
CT Page 4109-Y
The plaintiff alleges in its opposition to the motion to intervene, the defendant does not come within § 31-293 (a) because the defendant is the employer and not a third party.
The defendant alleges that the employer is not required to have previously paid workers' compensation benefits prior to intervening as co-plaintiff under § 31-293 (a). The defendant quoted from Rosenbaum v. Hartford News Co., 92 Conn. 398,103 A.2d 120 (1918), with the following language:
 "There is nothing in [Section] 2 which requires the injured employee to claim compensation before he sues the tort-feasor, or which prevents the employer from joining in such an action before he has by award become obligated to pay compensation. The injured employee may sue the tort-feasor and the employer may join in the action before compensation is claimed or awarded . . ."
Additionally, the defendant alleges if it is denied the right to intervene, its rights against the third party tortfeasor will abate, pursuant to § 31-293 (a).
Rosenbaum stands for the proposition that the employer need not pay compensation prior to bringing the § 31-293 (a) action, so long as, the employee has sued the third party tortfeasor. These are not the facts of the instant case. Here, the employee has not sued the third party tortfeasor, only the second party employer. The intent behind § 31-293 (a) is to permit the employer to be reimbursed from the third party tortfeasor for any worker's compensation benefits paid by the employer to the employee. Skitromo v. Meriden Yellow Cab Co.,204 Conn. 485, 488, 528 A.2d 826 (1987). Since the employer is being sued directly by the deceased employee, there is no third party present.
The employer does not come within the scope or purpose of § 31-293 (a). Further, if the plaintiff was to subsequently sue the third party tortfeasor, the plaintiff must give notice to the defendant employer. At that time, the employer would have a right to intervene under § 31-293 (a), whether it already paid workers' compensation benefits or not. CT Page 4109-Z
Lastly, the defendant relies on § 52-107 and Practice Book § 99 for the authority of the court to summon in additional parties. The two sections are not applicable to the facts of this case.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to intervene as co-plaintiff, ought to be and is hereby denied.