## RUTH G. MERRELL *v.* TOWN OF SOUTHINGTON (14252)

O'Connell, Lavery and Spear, Js.

---

Argued April 25—officially released July 23, 1996

*Thomas W. Conlin*, with whom was *Alfred F. Morrocco, Jr.*, for the appellant (plaintiff).

*John F. Kania*, for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the determination of the value of her property that was condemned and taken by the town of Southington under its power of eminent domain in connection with a redevelopment project. The plaintiff claims that the trial court improperly (1) measured from the edge of the road pavement instead of the middle of the highway, (2) calculated the value of the property taken, and (3) failed to require the town to produce evidence of the value of the property taken.

The record discloses the following facts and procedural history. On June 12, 1985, the town filed with the clerk of the Superior Court for the judicial district of Hartford-New Britain a notice of condemnation and statement of compensation pursuant to General Stat-

utes § 8-129.[1] The plaintiff owned the condemned property and was operating it as a golf driving range. More specifically, the portion condemned by the town was part of the parking lot used by the patrons of the plaintiff's business. The town's statement of compensation determined the value of the property to be "zero dollars."

The matter was referred to Hon. Louis Shapiro, state trial referee, who, after a hearing, found that the plaintiff's damages were $8980 plus a $1000 appraisal fee. The plaintiff objected to the finding of fact and appealed to the trial court pursuant to General Statutes § 8-132. The trial court, *A. Aronson, J.*, sustained the plaintiff's objection and the matter was referred to Hon. Simon Cohen, state trial referee. Following a hearing, Judge Cohen found that the plaintiff's damages were $20,000. The plaintiff objected to Judge Cohen's findings and again appealed to the trial court. The parties stipulated that the hearing on the value of the property could take place before a Superior Court judge. Judge Joseph Koletsky presided over the hearing and rendered judgment in favor of the plaintiff for $14,000 in damages and $1800 in appraisal fees. The plaintiff appealed to this court from that award.

When the Appellate Court hearing commenced on February 15, 1996, we raised, sua sponte, two issues: (1) does General Statutes § 8-132[2] permit the trial court

---

[1] General Statutes § 8-129 provides in relevant part: "The redevelopment agency shall determine the compensation to be paid to the persons entitled thereto for such real property and shall file a statement of compensation . . . with the clerk of the superior court for the judicial district in which the property affected is located. . . ."

[2] General Statutes § 8-132 provides in relevant part: "Any person claiming to be aggrieved by the statement of compensation filed by the redevelopment agency may . . . apply to the superior court for the judicial district in which such property is situated . . . for a review of such statement of compensation . . . and said court or such judge . . . *shall appoint a state referee to make a review of the statement of compensation.* . . ." (Emphasis added.)

to review a statement of compensation or does that section mandate that a referee conduct the review, and 2) what is the status of Judge Cohen's report? Before argument on the merits, the appellate hearing was adjourned and the parties were given an opportunity to file supplemental briefs. Following a resumed hearing, we considered the matter de novo[3] and we affirm the judgment of the trial court.

I

We must first address the threshold question of whether General Statutes § 8-132 is jurisdictional, thereby precluding a Superior Court judge from reviewing the statement of compensation. Section 8-132 provides a procedure by which the owner of condemned property may appeal from the municipality's statement of compensation and states, inter alia, that the court "shall appoint a state referee to make a review of the statement of compensation."

"[T]he use of the word 'shall,' though significant, does not invariably establish a mandatory duty." *Oller* v. *Oller-Chiang*, 230 Conn. 828, 838, 646 A.2d 822 (1994). "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon the failure to comply. . . .

---

[3] Because the appellate panel sitting at the resumed hearing was not identical to the original panel, the case was heard de novo.

A reliable guide in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision. . . ." (Citations omitted; internal quotation marks omitted.) *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995).

The substance of § 8-132 provides a procedure by which an owner of property may appeal from a statement of compensation filed by the municipality. The requirement that the matter be heard by a referee is stated in affirmative terms unaccompanied by negative words and there is no provision invalidating the action upon the failure to comply. We therefore conclude that the requirement that the trial court refer matters to a state referee under § 8-132 is a matter of convenience rather than a matter of substance.

Our Supreme Court has concluded that statutory language that is designed to assist the trial court in the effective management of its docket is directory rather than mandatory. See *Bryant* v. *Bryant*, 228 Conn. 630, 639–40, 637 A.2d 1111 (1994). The requirement that the trial court refer condemnation cases to state referees is likewise a legislative effort to assist the court in managing its docket. We therefore conclude that the § 8-132 requirement that the trial court refer review of statements of compensation to a state referee is a matter of convenience and, therefore, the requirement is directory rather than mandatory. Accordingly, we do not reverse on the grounds that the trial court lacked jurisdiction.

We must also address the preliminary issue of the status of Judge Cohen's report. The plaintiff and defendant both objected to Judge Cohen's findings and report. The plaintiff claimed that the report did not comply with Practice Book § 434 because it did not state the

facts and conclusions in separate and consecutive paragraphs and it appeared to be a judgment rather than a finding of facts. The defendant objected to the report on the ground that the damages were excessive. Although there is no formal order in the record or file rejecting Judge Cohen's report, we conclude that Judge Koletsky implicitly rejected Judge Cohen's report by proceeding to hear the matter de novo.

## II

The plaintiff claims that the trial court improperly calculated the amount of property taken by measuring from the edge of the pavement, not from the center line of the road. As the appellant, it is the plaintiff's duty to furnish a proper record for review. Practice Book § 4061. The trial court's oral memorandum of decision is silent as to the measurements it used to determine the value of the property. "[T]o the extent that the trial court's memorandum of decision may be viewed as ambiguous . . . we read an ambiguous record, in the absence of a motion for articulation, to support rather than to undermine the judgment." *Water Street Associates Ltd. Partnership* v. *Innopak Plastics Corp.*, 230 Conn. 764, 773, 646 A.2d 790 (1994). Because the record is inadequate, we decline to review this claim.

## III

The plaintiff complains that the trial court improperly determined the value of the property taken. The gravamen of this claim is that the trial court failed to give appropriate weight to the testimony of the plaintiff's appraiser.

The opinions of experts are of great aid to the trier of fact in a condemnation case, but the trier is not bound by them. *Bennett* v. *New Haven Redevelopment Agency*, 148 Conn. 513, 516, 172 A.2d 612 (1961). " 'The

determination of [a property's] value by a court is the expression of the court's opinion aided ordinarily by the opinions of expert witnesses, and reached by weighing those opinions in light of all the circumstances in evidence bearing upon value and on its own general knowledge of the elements going to establish it.'" *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 183, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). "[T]he determination of the credibility of expert witnesses and the weight to be accorded their testimony is within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." Id. The value placed on land by the court is a question of fact that this court cannot change on appeal unless it is clear that the trial court failed to weigh an element of value that should have been considered. *Geberian* v. *Bristol Redevelopment Agency*, 171 Conn. 565, 571, 370 A.2d 1055 (1976). The record amply demonstrates that the trial court limited the value that it placed on the plaintiff's appraiser's testimony because it determined that the testimony was not credible. We therefore cannot conclude that the trial court improperly determined the value of the property taken.

## IV

The plaintiff also complains that the trial court improperly failed to require the town to produce evidence of the property's value. The plaintiff does not furnish us with any authority, nor are we aware of any, for the contention that the trial court should have required the town to produce evidence of the value of the property taken. Because this claim has no basis in law, we cannot conclude that the trial court acted improperly by failing to require the town to produce evidence of the property's value.

The judgment is affirmed.

In this opinion the other judges concurred.