ROSARIO FRESTA *v.* CONNECTICUT MASON
CONTRACTORS, INC., ET AL.
(14979)

Schaller, Spear and Daly, Js.

Argued September 18—officially released December 10, 1996

*Lucas D. Strunk*, with whom, on the brief, was *Nancy E. Limoncelli*, for the appellants (named defendant et al.).

*Loida John-Nicholson*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellee (defendant second injury fund).

SCHALLER, J. The employer and its workers' compensation insurer (defendants) appeal from the decision of the compensation review board affirming the commissioner's denial of their request to transfer a workers' compensation claim to the second injury fund. The defendants claim that the board improperly affirmed the commissioner's order. We affirm the decision of the board.

The following facts are relevant to the resolution of this appeal. On October 9, 1987, Rosario Fresta suffered an employment related injury to his back, which arose out of and in the course of his employment with Connecticut Mason Contractors, Inc. Fresta sought workers' compensation benefits from Connecticut Mason and its insurer, Aetna Casualty and Surety Company. The defendants conceded that the injury was compensable.

On February 16, 1988, the defendants sent Fresta, through his attorney, a voluntary agreement regarding compensation benefits. The defendants did not send this agreement to the fund. On March 11, 1988, the defendants sent a written notice to the fund indicating their intention to transfer liability to it after the 104 week period expired, but they did not send the February 16, 1988 agreement to the fund at that time. In June, 1989, the defendants sent a second voluntary agreement to Fresta's attorney. Again, it did not send a copy of the agreement to the fund.

During the period from February, 1988, through April, 1990, Fresta received workers' compensation benefits pursuant to an oral compensation agreement with the defendants. In April, 1990, Fresta returned signed copies of the agreement that he made with the defendants regarding these benefits. After receiving the signed agreement from Fresta, the defendants sent a copy of the agreement to the fund. The fund, therefore, did not receive a copy of the agreement between the defendants and Fresta until April 4, 1990.

On June 1, 1993, the commissioner denied transfer of liability to the fund because the defendants had not provided the fund with a copy of their agreement with Fresta within the time period set forth in General Statutes (Rev. to 1987) § 31-349.[1] The defendants appealed

---

[1] General Statutes (Rev. to 1987) § 31-349 (a) provides in relevant part: "As a condition precedent to the liability of the second injury fund, the

to the compensation review board challenging the commissioner's order. On June 27, 1995, the board affirmed the commissioner's order. This appeal followed.

The defendants' first claim is that the notice and information that they provided to the fund on March 11, 1988, satisfied the notice provisions of § 31-349. This claim is unavailing. When a carrier or employer seeks to transfer a claim to the second injury fund pursuant to § 31-349, it must provide the fund *both* notice of the pending case *and* a copy of the agreement or award ninety days prior to the expiration of the 104 week period. General Statutes (Rev. to 1987) § 31-349. "[A]s a condition precedent to the liability of the fund, the employer or the insurance carrier [must] do all those things specified in [§ 31-349] . . . ." *Soares* v. *Max Services, Inc.*, 42 Conn. App. 147, 165, 679 A.2d 37 (1996). "The language is clear that, in addition to providing the fund with notice 'of the pending case,' the employer or insurer must provide the fund with a copy of either the agreement or the award." *Dos Santos* v. *F. D. Rich Construction Co.*, 233 Conn. 14, 21, 658 A.2d 83 (1995).

Despite the defendants' failure to provide the fund a copy of an agreement or award within the statutory period, the defendants contend that because the fund was aware that there was an oral compensation agreement between them and Fresta, the "agreement" provision of § 31-349 was satisfied. We do not agree.

In *Dos Santos*, our Supreme Court discussed what constitutes an agreement for purposes of § 31-349. The

employer or his insurance carrier shall, ninety days prior to the expiration of the one-hundred-four-week period, notify the custodian of the second injury fund of the pending case and shall furnish to said custodian a copy of the agreement or award together with all information purporting to support his claim as to the liability of the second injury fund, and shall make available to the custodian all medical reports as the custodian shall desire. . . ." We note that the General Assembly revised the notice provisions of General Statutes § 31-349 in 1995. Public Acts 1995, No. 95-277, § 3, effective July 1, 1995.

court stated that "a *document* qualifies as a copy of the 'agreement' under § 31-349 if it fairly reflects the material terms of the actual arrangement for workers' compensation benefits to which the employer (or its insurer) and the employee have assented." (Emphasis added.) Id., 27. An "agreement" for purposes of § 31-349 must be more than a mere oral understanding between the parties. It must be a document, some copy of an agreement that "provide[s] the fund with timely notice of the financial agreement reached between the parties, the nature of the employee's claim and other medical information necessary for the fund to determine its liability." Id., 26. Here, the defendants sent no document or agreement to the fund regarding the nature of the financial agreement between them and Fresta within the statutory period. The defendants, therefore, did not satisfy the agreement provision of § 31-349.

The defendants' next claim is that, because Fresta did not sign or return the voluntary agreements until after the statutory period expired, they could not comply with § 31-349. Fresta's failure to return a signed agreement, however, does not relieve the defendants of their duty to supply the fund with an agreement or award within the statutory period. Although the defendants did not have a signed agreement, they had the opportunity to provide the fund with one or both of the voluntary agreements that they had sent to Fresta, or to reduce their oral agreement with Fresta to writing and to submit it to the fund.[2] "[T]he fund is in no worse position to evaluate the proposed transfer of a particular case merely because it must look to a valid, yet

[2] It is not clear from the record whether the original voluntary agreements sent to Fresta contained the same terms as the oral agreement that the defendants claim had been reached with Fresta concerning compensation benefits. If the oral agreement had slightly different terms, the defendants needed to reduce this oral agreement to writing and to submit it to the fund within the statutory period. Alternatively, the defendants could have obtained an award and provided a copy thereof within the statutory period.

unsigned and unapproved, agreement between the parties." *Dos Santos* v. *F. D. Rich Construction Co.*, supra, 233 Conn. 26.

The defendants' final claim is that they should be afforded equitable relief despite their failure to comply with the statutory notice requirements. "Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential." (Internal quotation marks omitted.) *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 384, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). Because the defendants failed to comply strictly with the notice provisions of § 31-349, their claim for equitable relief must be denied.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.