[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE PARTY PLAINTIFF'S INTERVENING COMPLAINT (No. 115)
In Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,698 A.2d 859 (1997), our Supreme Court held that Conn. Gen. Stat. § 31-293 (a), which authorizes employers who have made workers' compensation payments to employees injured by a third party to take action to recover those payments from a third party, does not entitle the employer to make such a claim against any recovery that the employee may be due under the employee's own uninsured motorist provision of his or her own automobile insurance policy. The issue raised by the motion to strike now before the court is whether Dodd applies to an action brought against the insurer of an automobile in which the injured plaintiff was a passenger. For the reasons set forth below, the answer to this question is in the affirmative. CT Page 13514
This action was commenced in February 1997 by the plaintiff, Joseph Matteo ("Matteo"), against a number of defendants, including Jorge Alvarez ("Alvarez") and Aetna Insurance Company ("Aetna"). Matteo alleges in his complaint that on August 22, 1995, he was a passenger in an automobile owned by the City of New Haven Water Pollution Control Authority (the "Authority") and was injured in an accident caused by Alvarez's negligence. The first count of his complaint alleges negligence against Alvarez. The second count alleges that Aetna insured the Authority under a policy that provided uninsured motorist benefits for the vehicle in which Matteo was a passenger. Matteo further alleges that Alvarez was uninsured. He claims that Aetna is responsible for his injuries and losses "pursuant to the terms of its contract of insurance." (Matteo's complaint additionally contains a third count directed against a third defendant, but that count is not relevant for purposes of the present motion.)
On July 1, 1997, the City of New Haven (the "City") filed a motion to intervene as a party plaintiff and to file an intervening complaint. The motion was subsequently granted as to the City's intervening complaint against Aetna. The City claims that it was Matteo's employer at the time of the accident, that it is obligated to pay workers' compensation benefits to him because of the accident in question, and that it seeks reimbursement for those expenses pursuant to Conn. Gen. Stat. § 31-293.
On October 31, 1997, Aetna filed a motion to strike the City's intervening complaint. The motion was heard on December 8, 1997. Although the motion on its face seeks to strike the entire intervening complaint, Aetna limited its claim at argument to the second count of the intervening complaint (the only count directed against Aetna). For the reasons briefly stated below, Aetna's motion, thus limited, must be granted.
Dodd, as mentioned above, holds that § 31-293(a) does not entitle an employer to make a claim against any recovery that an employee may be due under the employee's own uninsured motorist provision of his or her automobile insurance policy. Although Dodd is factually distinguishable from the present case in that the employee here was a passenger and is seeking recovery under the uninsured motorist provision of the automobile insurance policy covering the vehicle, the analysis set forth in Dodd makes it clear that this is a distinction without a difference. The central point of Dodd is that § 31-293(a) CT Page 13515 does not apply to uninsured motorist coverage in the first place.242 Conn. at 379.
The City, like the intervening plaintiff in Dodd, relies squarely on § 31-293 as the basis of its cause of action. Sec. 31-293(a), as Dodd explains, allows an employer to take action against a "third person" who is legally liable to pay "damages" for an injury to an employee. 242 Conn. at 380. This right of action is a clear deviation from common law. Consequently, it "must be strictly construed and limited to those matters clearly within its scope." Id. at 383. After a review of the legislative history, Dodd concludes that the legislature intended the statute in question "to apply to a traditional tort action against a wrongdoer." Id.
 Dodd's analysis makes it clear that § 31-293 does not support the cause of action that the City has invoked here. Matteo's action against Aetna is not a traditional tort action against a wrongdoer of the kind contemplated by the statute. It is, rather, an action in contract. Haynes v. Yale-New HavenHospital, 243 Conn. 17, 24, 699 A.2d 964 (1997). Although the City disputes Dodd's reading of legislative history, that argument must necessarily be addressed to the Supreme Court, as this court is bound by that court's analysis.
For the reasons discussed above, the motion to strike is granted insofar as it seeks to strike count two of the intervening complaint.
Jon C. Blue Judge of the Superior Court