[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue raised by the motion to dismiss before the court is whether the 120 period following the return day within which a defendant may serve an apportionment complaint on a non-party, pursuant to General Statutes § 52-102b, is jurisdictional.[1] This court holds that the 120 day period is neither jurisdictional nor mandatory.
On January 15, 1997, the plaintiff, Samantha Ketchale, commenced this action against the defendants Edmund Unger and Barbara Unger. The action was made returnable on February 25, 1997. The amended complaint alleges that the plaintiff, Samantha Ketchale, was a passenger in a motor vehicle owned and operated by Marilyn Joyce. As the Joyce vehicle was exiting a private driveway on S. Hoop Pole Road[2], it was struck by a vehicle operated by the defendant Edmund Unger and owned by the defendant Barbara Unger. As a result of the collision, the plaintiff claims that she sustained personal injuries. In the first count of the amended complaint, the plaintiff alleges that the collision was caused by the negligence of the defendant Edmund Unger. In the second count, the plaintiff alleges that the collision was caused by the wilful, wanton and reckless actions of the defendant Edmund Unger.
The defendants Edmund and Barbara Unger appeared and answered the complaint. On February 13, 1998, the Ungers served an apportionment complaint on Marilyn Joyce[3] alleging that the collision and the plaintiff's injuries were caused by Joyce's negligence. Anticipating an issue as to the timeliness, the defendants alleged that they brought their apportionment complaint pursuant to General Statutes § 52-592, the accidental CT Page 7906 failure of suit statute.[4]
Joyce has moved to dismiss the apportionment complaint, alleging that it was not brought within the time period prescribed by General Statutes § 52-102b. A motion to dismiss is the proper vehicle for challenging the court's jurisdiction.Concept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,625, 642 A.2d 1186 (1994).
Joyce's claim is based on the principle that "[w]here a cause of action has been created by statute, strict compliance with the prescribed procedure is essential. See Main v. NorthStonington, 127 Conn. 711, 712, 16 A.2d 356 (1940). `The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone.'DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765 (1916)."Rana v. Ritacco, 236 Conn. 330, 336 n. 4, 672 A.2d 946 (1996). Joyce's argument is flawed for two reasons.
First, General Statutes § 52-102b did not create any cause of action. "Prior to October 1, 1986, this state adhered to the rules of joint and several liability with no contribution among joint tortfeasors." Donner v. Kearse, 234 Conn. 660, 666-667,662 A.2d 1269 (1995). This common law rule was generally abolished by the enactment of the Connecticut Tort Reform Act, No. 86-338, § 3 of the 1986 Public Acts; Id., 667; Biro v. Hill, 214 Conn. 1, 6570 A.2d 182 (1990); nine years before the enactment of General Statutes § 52-102b. The rule requiring strict compliance with time requirements in a statute creating a cause of action which did not exist at common law has never been applied to a statute containing time requirements for a cause of action which, while not existing at common law, was statutorily created years earlier. See Rana v. Ritacco, supra, 236 Conn. 330 (statute providing for employer intervention in employee's third party action); Main v. North Stonington, supra, 127 Conn. 712 (highway defect statute); DeMartino v. Siemon, supra, 90 Conn. 528
(statute creating action for injuries resulting in death); Frestav. Conn. Mason Contractors, Inc., 43 Conn. App. 732, 737,685 A.2d 698 (1996) (transfer of workers' compensation claim to second injury fund); Johndrow v. State, 24 Conn. App. 719, 722,591 A.2d 815 (1991) (statute providing for employer intervention in employee's third party action); Misiurka v. Maple Hill Farms,CT Page 7907Inc., 15 Conn. App. 381, 384, 544 A.2d 673 (1988) (same); PoliceDepartment v. Giordano, 3 Conn. App. 450, 452, 488 A.2d 1293
(1985) (same); Norwalk v. Van Dyke, 33 Conn. Sup. 661, 664,366 A.2d 554, cert. denied, 172 Conn. 681, 364 A.2d 864 (1976) (same).
Second, the 120 day period in General Statutes § 52-102b(a) is directory, not mandatory. "In order to determine whether a statute's provisions are mandatory we have traditionally looked beyond the use of the word shall and examined the statute's essential purpose. [Hall Manor Owner's Assn. v. West Haven,212 Conn. 147, 152, 561 A.2d 1373 (1989)]. The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Katz v.Commissioner of Revenue Services, 234 Conn. 614, 617,662 A.2d 762 (1995). Furthermore, if there is no language that expressly invalidates any action taken after noncompliance with the statutory provisions, the statute should be construed as directory. Id. . . .' Crest Pontiac Cadillac, Inc. v. Hadley,239 Conn. 437, 446, 685 A.2d 670 (1996)." United Illuminating Co. v.New Haven, 240 Conn. 422, 465-66, 692 A.2d 742 (1997).
First, although the statute uses the word "shall," there is no language expressly invalidating an apportionment complaint that is brought beyond the 120 time period. See Doe v. StatewideGrievance Committee, 240 Conn. 671, 682, 694 A.2d 1218 (1997);Angelsea Productions, Inc. v. Commission on Human Rights Opportunities, 236 Conn. 681, 695, 674 A.2d 1300 (1996); Caron v.Inland Wetlands Watercourses Commission, 222 Conn. 269, 273-74,610 A.2d 584 (1992); State v. White, 169 Conn. 223, 238,363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399
(1975).
Second, the requirement that the apportionment complaint be brought within 120 days of the return date is stated in affirmative terms unaccompanied by negative words. See Stewart v.Tunxis Service Center, 237 Conn. 71, 78, 676 A.2d 819 (1996);Katz v. Commissioner of Revenue Services, supra, 234 Conn. 617-18); CT Page 7908Winslow v. Zoning Board, 143 Conn. 381, 387-88, 122 A.2d 789
(1956); Harhay v. Board of Education, 44 Conn. App. 179, 184,687 A.2d 1313 (1997); Merrell v. Southington, 42 Conn. App. 292, 295-96,679 A.2d 404, cert. denied, 239 Conn. 98, 682 A.2d 1003
(1996); Brown v. Smarrelli, 29 Conn. App. 660, 664, 617 A.2d 905
(1992), cert. denied, 225 Conn. 901, 621 A.2d 284 (1993); ShelbyMutual Ins. Co. v. Evans, 20 Conn. App. 1, 5, 563 A.2d 1041
(1989); Rowe v. Godou, 12 Conn. App. 538, 542, 532 A.2d 978
(1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073
(1988); State ex rel, Perry v. Raacke, 19 Conn. Sup. 248, 252,111 A.2d 37 (1953).
Third, elsewhere in the statute the legislature did employ negative words. See General Statutes § 52-102b(c) ("No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h."); General Statutes § 52-102b(g) ("In no event shall any proportionate share of negligence determined pursuant to subsection (f) of section 52-572h
attributable to an apportionment defendant against whom the plaintiff did not assert a claim be reallocated under subsection (g) of said section."). This evidences that when the legislature used negative words and when it omitted to use such words, it did so with deliberation and discrimination. See Bruttomesso v.Northeastern Conn. Sexual Assault Crisis Services, Inc.,242 Conn. 1, 13, 698 A.2d 795 (1997); Caulkins v. Petrillo,200 Conn. 713, 717, 513 A.2d 43 (1986); Spates v. Robinson, 179 Conn. 381,384, 426 A.2d 776 (1979); Jones v. Civil Service Commission,175 Conn. 504, 509, 400 A.2d 721 (1978).
Fourth, subsection (b) of General Statutes § 52-102b
provides, inter alia, that "[i]f the apportionment complaint is served within the time period specified in subsection (a) of this section, no statute of limitations shall be a defense or bar to such claim. . . ." Thus, if an apportionment complaint is not served with the prescribed time period, the statute of limitations may be a defense to such a claim. That there may be a statute of limitations defense to such a claim, however, strongly suggests that the 120 day time period itself is not mandatory and not jurisdictional. "[E]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one [part] to be construed." (Internal CT Page 7909 quotation marks omitted.) Sears, Roebuck and Company v. Board ofTax Review, 241 Conn. 749, 761-62, 699 A.2d 81 (1997).
The court recognizes that subparagraph (f) of § 52-102b
provides: "This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." That the statute provides the exclusive "means," that is, procedure, for adding an apportionment defendant does not, in light of the application of the foregoing tests, militate that the 120 day period is mandatory. Prior to the enactment of § 52-102b there was "a split in authority among the superior courts as to the proper method to bring additional parties into the action for apportionment."Stropparo v. Woodlot Associates, Superior Court, judicial district of New London at New London, No. 521379 (Jan. 12, 1995) (13 Conn. L. Rptr. 287); accord, Sheehy v. Bic Corporation,
Superior Court, judicial district of New Haven, No. CV92 0328505S (Dec. 15, 1992) (8 C.S.C.R. 100). Subparagraph (f) underscores that this question of method is legislatively settled.
This court concludes that the 120 day period in General Statutes § 52-102b(a) is directory and is designed to avoid the filing of eve of trial apportionment complaints that would delay the trial or pretrial disposition of the case. The time period, therefore, is literally "designed to secure order, system and dispatch in the proceedings." This conclusion is further buttressed by the fact the 120 day time period runs not from a transactionally fixed fact, such as the date of the alleged negligence or the accrual of the cause of action, but from an item arbitrarily selected by the plaintiff's lawyer, the return date. Finally, there is no evidence in the legislative history of General Statutes § 52-102b that the 120 day time period within which a defendant may bring an apportionment complaint is mandatory. See 38 H.R. Proc., Pt. 9, 1995 Sess., pp. 3266-3276; 38 Sen. Proc., Pt. 8, 1995 Sess. pp. 2559-2560, 2606-2608; Connecticut Joint Standing Committee Hearings, Judiciary Committee, Pt. 6, pp. 1706, 1713-15, 1735-39, 1752-57, 1778, 1780, 2019-2022, 2026-27, 2121-22.
This court recognizes that other judges of this court have held that the 120 time period in General Statutes § 52-102b(a) is mandatory.[5] For the foregoing reasons, I disagree and hold that it is not. The motion to dismiss is denied.[6]
CT Page 7910
Bruce L. Levin Judge of the Superior Court