[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO STRIKE AMENDED INTERVENING COMPLAINT (#149)
On February 21, 1997, the plaintiff, Mark Kane, filed a three count complaint against the defendants, Meyling Villafane (Villafane), the city of Stamford (City) and Allstate Insurance Company (Allstate) Mark Kane (Kane) filed an amended five count complaint on April 29, 1997. This action arises from a car accident that resulted when Villafane's vehicle allegedly forced Kane's automobile off the road. At the time of the accident, Kane was an employee of the City and was driving a City owned vehicle Count one is a claim of negligence against Villafane. Count two seeks recovery from the City's uninsured motorist coverage. Count three seeks uninsured motorist coverage from Kane's own insurance company, Allstate. Count four is a CUTPA claim against Allstate. Count five alleges that Allstate has breached the covenant of good faith and fair dealing.
On May 15, 1998, the City filed an amended intervening complaint. The intervening complaint alleges the following: Kane was employed by the City at the time of the accident. The City paid workers' compensation benefits to Kane because Kane's injuries arose during the course of employment. The City seeks to be reimbursed for these expenses, pursuant to General Statute § 31-293, from any damages recovered by Kane under the claim against the City's self-insured uninsured motorist coverage.
On June 4, 1998, Kane filed the present motion to strike the City's amended intervening complaint with a supporting memorandum of law. Kane moves to strike the complaint on the ground that an employer is not entitled to recover worker's compensation benefits from uninsured/underinsured insurance coverage. CT Page 10953
On June 9, 1998, the City filed an objection to Kane's motion to strike. The City argues that Kane's motion should be denied because its intervening complaint states a legally sufficient cause of action.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court is to examine the complaint, construed in favor of the [plaintiff], to determine whether the pleading party has stated a legally sufficient cause of action. . . ." Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 379, 689 A.2d 859 (1997).
Under General Statutes § 31-293(a),[1] an employer who has paid workers' compensation benefits may seek reimbursement from a third party tortfeasor Nicholas v. The LighthouseRestaurant, Inc., 246 Conn. 156, 158-59 (1998).
In Dodd v. Middlesex Mutual Assurance Company, supra, the Supreme Court held that an employer may not, pursuant to General Statutes § 31-293(a), recover any reimbursement from an amount that an employee may receive in an action against the employee's own insurance company for uninsured/underinsured motorist coverage. The Supreme Court concluded that an insurer in not a "third party" under § 31-293(a), nor does the insurer step into the place of the tortfeasor. "An action to recover under an automobile insurance policy is not an action in tort but, rather, an action in contract. The obligation of an insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a contractual obligation arising under the policy of insurance. . . . Payments made pursuant to an uninsured motorist policy are paid on behalf of the insured, and not on behalf of the financially irresponsible motorist who caused the insured's injuries. . . ." (Citations omitted; internal quotation marks omitted.) Id., 384.
The City argues that Dodd v. Middlesex Mutual AssuranceCompany, supra, does not apply to its intervening complaint because Kane is seeking coverage from the City's self-insured policy, and Kane does not have an insurance contract relationship with the City.
Notwithstanding, in Matteo v. Alvarez, Superior Court, judicial CT Page 10954 district of New Haven, Docket No. 396697 (December 15, 1997) (Blue, J.) (21 CONN. L. RPTR. 137), a case factually similar to the present case, the court held that, "[t]he central point of [Dodd v.Middlesex Mutual Assurance Company, supra] is that § 31-293(a) does not apply to uninsured motorist coverage in the first place." Id. In Matteo v. Alvarez, supra, the plaintiff was an employee of the city of New Haven, and was a passenger in a city owned vehicle when it was involved in an accident. The plaintiff sought damages from Aetna, New Haven's insurance carrier, under New Haven's uninsured motorist policy.
The court (Blue, J.) granted the plaintiff's motion to strike the city of New Haven's intervening complaint and concluded, "[the plaintiff's] action against Aetna is not a traditional tort action against a wrongdoer of the kind contemplated by [§ 31-293]. It is, rather, an action in contract." (Citations omitted.)Matteo v. Alvarez, supra, 21 Conn. L. Rptr. 137.
Accordingly, Kane's motion to strike the City's amended intervening complaint is granted.
KARAZIN, J.