[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 126)
The plaintiff, Blanca Miller, was injured by an industrial manufacturing plastic molding machine while at work and during the course of her employment on November 1, 1994. On July 22, 1997, the plaintiff filed a complaint against the Defendant, Nexus. The Plaintiff Miller sued the Defendant Nexus on a theory of willful and serious misconduct, a recognized common law action CT Page 13287 exception to the exclusivity of the Workers' Compensation statutory scheme.
On September 3, 1998, the Defendant Nexus filed an intervening complaint alleging, inter alia, that as Plaintiff Miller's employer, it has or will become obligated to pay out Workers' Compensation benefits and may be entitled to some reimbursement of those benefits pending the original lawsuit. Defendant/Intervening Plaintiff Nexus' claim is pursuant to General Statutes 31-293(a).[1]
Plaintiff Miller filed a motion to strike the intervening complaint on May 19, 1999, on the ground that it does not state a cause of action pursuant to the Connecticut Supreme Court's decision in Stavola v. Palmer, 136 Conn. 670, 73 A.2d 831 (1950).
In its memorandum in support of its motion to strike, the Plaintiff argues that Defendant/Intervening Plaintiff Nexus must set out in its intervening complaint the alleged serious and willful misconduct on the part of Defendant Nexus in Plaintiff Miller's suit. The Plaintiff relies on Stavola v. Palmer,136 Conn. 670, 73 A.2d 831 (1950), which analyzed a similar precursor statute to General Statutes § 31-293. According to Stavola, the employer's action is derivative in nature; that is, after causing injury to an employee, the law recognizes that, "the tort feasor injured the employer to the extent that he has to pay compensation." Stavola v. Palmer, supra, 677.
In response, the Defendant/Intervening Plaintiff Nexus contends that General Statutes § 31-293 does not prescribe such pleading and that they have properly intervened according to statutory requirements.
Intervention, pursuant to the Workers' Compensation Act, is controlled specifically and solely by 31-293 (a). Jondrow v.State, 24 Conn. App. 719, 720-21, 591 A.2d 815 (1991). Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. Frestav. Connecticut Mason Contractors. Inc., 43 Conn. App. 732, 737,685 A.2d 698 (1996).
The Workers' Compensation scheme follows certain overriding principles. First, the act protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, CT Page 13288 that are uncompensated by a workers' compensation award. Second, the act protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action. Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of preventing double recovery by an injured employee. Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer and the employee, workers' compensation provides the exclusive remedy for personal injury to the employee. Libby v. Goodwin Pontiac-GMCTruck, Inc., 241 Conn. 170, 174, 695 A.2d 1036 (1997). Furthermore, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts. Dowling v. Slotnik, 244 Conn. 781, 811, 712 A.2d 396
(1998).
The peculiarly determinative fact in this case is that, unlike the majority of workers' compensation intervening employer cases, there is no traditional third party here. Defendant/Intervening Plaintiff Nexus is both the employer and the third-party tortfeasor here. Consequently, this simultaneous status of Nexus prevents it from becoming a suitable intervening plaintiff.
Although neither the Appellate nor the Supreme Court have reviewed this issue, there are Superior Court cases precisely on point. In Szilagyi v. The University Club of Hartford, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 95-0470482S (May 6, 1996, Arena, J.) (16 Conn. L. Rptr. 632), the court held that an employer who is being sued directly by an employee is not a third party tortfeasor and therefore the employer does not state a claim under General Statutes § 31-293 (a). In that case the court held:
 "The intent behind 31-293 (a) is to permit the employer to be reimbursed from the third party tortfeasor for any worker's compensation benefits paid by the employer to the employee. . . Since the employer is being sued directly by the deceased employee, there is no third party present. The employer does not come within the scope or purposes of 31-293 (a)."
CT Page 13289
Szilagyi v. The University Club of Hartford, supra, 633. See also, Scandura v. Friendly Ice Cream, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529109 (February 21, 1995, Wagner. J.) (13 Conn. L. Rptr. 512) (same); Kane v. Villafane, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 970157326S (September 29, 1998, Karazin, J.) (22 Conn. L. Rptr. 605) (employer's insurer is not a third party under the statute).
Here, the plaintiff Miller has not sued the manufacturer of the machine, nor any specific individual employee of Nexus. Therefore, the Defendant/Intervening Plaintiff Nexus is the only actual alleged tortfeasor in this case. Accordingly, Nexus' intervening complaint is legally insufficient because it is not a third party tortfeasor as required by the statute.
Accordingly, for all the reasons stated above, the plaintiff Miller's motion to strike is hereby GRANTED.
MELVILLE, J.